**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRIAN GRAY )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)    Case No. 21-cv-04981<br>FLEETPRIDE, INC. )<br>   Defendant. )    **TRIAL BY JURY IS DEMANDED** | |

## COMPLAINT AT LAW

Plaintiff, BRIAN GRAY, by and through his attorneys, Frankfort Law Group, and for his Complaint at Law against Defendant, FLEETPRIDE, INC. and states:

### *Common Allegations*

1. This cause of action for Judgment <u>in excess</u> of $250,000.00.

2. At all times relevant herein, BRIAN GRAY, a resident of Illinois, performed work and was employed by FLEETPRIDE, INC.

3. FLEETPRIDE, INC. is a corporation, which does business in Illinois.

### *Jurisdiction*

4. This matter is brought pursuant to the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

### *Exhaustion of Administrative Remedies*

5. To preserve and protect his rights and in compliance with the EEOC, Plaintiff filed a timely several Charges of Discrimination alleging violations of the American with Disabilities Act of 1990. Those filings were given Charge No(s). 440-2018-08506.

6. The IDHR issued to Plaintiff its Notice(s) of right to sue on June 24, 2021, which provided that Plaintiff must file his lawsuit within 90 days.

7. The 90 day time limit expires September 24, 2021.

8. Plaintiff now files timely this lawsuit.

## COUNT I
## Violation of the American With Disabilities Act (ADA)

9. Plaintiff realleges Paragraphs 1 through 8.

10. Plaintiff was employed by Midway Truck Parts on March 29, 1999 as a Driver.

11. In or about 2011, Midway Truck Parts was acquired by FLEETPRIDE, INC.

12. Plaintiff remained employed in his same capacity by new owner FLEETPRIDE, INC.

13. On December 22, 2016, Plaintiff was injured on the job, within the scope of his employment, while making a delivery.

14. On May 18, 2017, Plaintiff presented to Defendant's agent, Chuck Herman, a physician's letter and recommendation that plaintiff could return to work, with restrictions.

15. The May 18, 2017 physician's letter indicated Plaintiff would be able to return to work on May 22, 2017, but he should not lift over 35 lbs., with a restriction on pushing and pulling at 150 lbs.

16. Due to the restrictions, on May 20, 2017, Plaintiff told Chuck Herman, Defendant's agent, that he was willing and able to take on either a new position, or a position in an alternative location.

17. FLEETPRIDE, INC. operates 280 branches, 52 service centers, and 5 distribution centers covering 46 states.

18. Two days later, on May 22, 2017, Plaintiff was terminated from FLEETPRIDE, INC. by their agent Katherine Ward.

19. Plaintiff made it known to FLEETPRIDE, INC. that he felt the termination violated the ADA and he was being discriminated against.

20. FLEETPRIDE, INC violated the ADA by failing to properly accommodate Plaintiff's disability.

21. Plaintiff was not given an opportunity to apply for any other open position prior to his termination.

22. Plaintiff was not given the opportunity to go to one of the numerous other FLEETPRIDE, INC. locations, prior to his termination.

23. During his employment, Plaintiff contributed to an employer sponsored plan and because of his termination, he was under a hardship financially.

24. Plaintiff was told by Fidelity that he could not access the funds, because he was listed by FLEETPRIDE, INC. as an active employee. The effect of having Plaintiff listed as an active employee, was to freeze his employer sponsored account from Plaintiff's access.

25. FLEETPRIDE, INC. officially released Plaintiff from the Fidelity held plan on August 15, 2018, which Fidelity then notified Plaintiff in September of 2018, which was well over a year after he was terminated.

26. Put simply, despite informing Plaintiff that he was terminated on May 22, 2017, Defendant froze his Retirement Assets until August of 2018.

27. FLEETPRIDE, INC. froze Plaintiff's employer sponsored retirement account in retaliation for Plaintiff complaining that he had suffered discrimination under the ADA.

28. Plaintiff should be entitled to punitive damages for FLEETPRIDE, INC's retaliatory conduct.

29. As a direct and proximate result of FLEETPRIDE, INC's violation of the ADA, Plaintiff lost income and suffered severe emotional distress.

30. As a direct and proximate result of FLEETPRIDE, INC's violation of the ADA and retaliatory conduct, Plaintiff suffered extreme financial hardship, economic, and actual damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor, in an amount to be proven at trial in excess of $250,000.00 for his actual damages, statutory damages, punitive damages, and all other damages allowed by law.

## COUNT II
### Reckless Infliction of Emotional Distress

31. Plaintiff REPEATS and realleges Paragraphs 1 through 6 as set forth herein

32. At all times relevant hereto, Defendant, by and through its employee and/or agent, knew, or should have known, that Plaintiff was suffering from a disability.

33. Defendant, by and through employee and/or agent, acted recklessly and outrageously in one or more of the following ways:

    a. Criticized Plaintiff for being unable to perform his job in front of others; and/or

    b. Failing to provide an accommodation;

    c. Insinuate that Plaintiff did not need an accommodation;

    d. Questioned plaintiff's integrity as it relates to his disability;

    e. Demeaned Plaintiff and injured his sense of self-worth.

34. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff has suffered severe emotional distress.

WHEREFORE, Plaintiff, demands judgement against Defendant, FLEETPRIDE, INC. in an amount in excess of TWO-HUNDRED FIFTY THOUSAND DOLLARS $250,000.00.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule

Respectfully Submitted;

By: _____
Plaintiff's Attorneys

Christopher M. Jahnke
10075 W. Lincoln Hwy
Frankfort, IL 60423
cmj@jtlawllc.com
708-349-9333